1  Sara B. Brody (SBN 130222)
   sbrody@sidley.com
2  Stephen Chang (SBN 312580)
   stephen.chang@sidley.com
3  Sarah E. Gallo (SBN 335544)
   sgallo@sidley.com
4  **SIDLEY AUSTIN LLP**
   555 California Street, Suite 2000
5  San Francisco, CA 94104
   Telephone: (415) 772-1200
6
   Andrew W. Stern (admitted *pro hac vice*)
7  astern@sidley.com
   James O. Heyworth (admitted *pro hac vice*)
8  jheyworth@sidley.com
   **SIDLEY AUSTIN LLP**
9  787 Seventh Avenue
   New York, NY 10019
10 Telephone: (212) 839-5300

11 *Attorneys for Defendants Peter Rawlinson,*
   *Andrew Liveris, Nichelle Maynard-Elliot,*
12 *Janet Wong, Glenn August, Anthony Posawatz,*
   *Nancy Gioia, Frank Lindenberg, and*
13 *Nominal Defendant Lucid Group, Inc.*

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17 | ZALMON UVAYDOV, Derivatively on Behalf of Nominal Defendant LUCID GROUP, INC., | Case No. 3:25-cv-00943-AMO |
|---|---|
| Plaintiff, | **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CONSOLIDATION, SERVICE, TEMPORARY STAY, AND SCHEDULING** |
| vs. | |
| PETER RAWLINSON, TURQI ALNOWAISER, ANDREW LIVERIS, NICHELLE MAYNARD-ELLIOT, JANET WONG, GLENN AUGUST, ANTHONY POSAWATZ, NANCY GIOIA, and FRANK LINDENBERG, | ***As Modified by the Court*** |
| Defendants, | |
| vs. | |
| LUCID GROUP, INC., | |
| Nominal Defendant. | |

| | |
|---|---|
| NEIL COOK, Derivatively on Behalf of LUCID GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PETER RAWLINSON, TURQI ALNOWAISER, ANDREW LIVERIS, NICHELLE MAYNARD-ELLIOT, JANET WONG, GLENN AUGUST, ANTHONY POSAWATZ, NANCY GIOIA, and FRANK LINDENBERG, <br><br> Defendants, <br><br> vs. <br><br> LUCID GROUP, INC., <br><br> Nominal Defendant. | Case No. 3:25-cv-01346-AMO |

1

JOINT STIPULATION AND [PROPOSED] REGARDING CONSOLIDATION, SERVICE, TEMPORARY STAY, AND SCHEDULING – CASE NO. 3:25-CV-00943-AMO

**INTRODUCTION**

WHEREAS, on January 29, 2025, plaintiff Zalmon Uvaydov ("Uvaydov") filed a Shareholder Derivative Complaint in this Court, captioned *Uvaydov v. Rawlinson et al.,* 3-25-cv-00943, against certain current and/or former directors and officers of Lucid Group, Inc. ("Lucid" or the "Company"), pleading claims for federal contribution and indemnification pursuant to Sections 10(b) and 21D of the Securities and Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duty, and unjust enrichment (the "Uvaydov Action");

WHEREAS, on February 7, 2025, plaintiff Neil Cook ("Cook") filed a Shareholder Derivative Complaint in this Court, captioned *Cook v. Rawlinson et al.*, 3-25-cv-01346, against certain current and/or former directors and officers of Lucid, pleading materially similar claims for securities violations pursuant to Section 14(a) of the Exchange Act, breach of fiduciary duty, and unjust enrichment (together, with the Uvaydov Action, the "Derivative Actions");

WHEREAS, on April 1, 2022, a putative securities class action lawsuit captioned *Mangino v. Lucid Group, Inc. et al.*, Case No. 22-cv-02094 (N.D. Cal) ("*Mangino*"), was filed in the United States District Court for the Northern District of California against Lucid and certain of its former officers, alleging violations of federal securities laws;

WHEREAS, on May 31, 2022, a second putative securities class action lawsuit, captioned *Goel v. Lucid Group, Inc.*, Case No. 22-cv-03176 (N.D. Cal) ("*Goel*"), was filed in the United States District Court for the Northern District of California against Lucid and certain of its former officers, also alleging violations of federal securities laws;

WHEREAS, by order dated September 30, 2022, the *Mangino* and *Goel* actions were consolidated into one action (the "Securities Action") pending in the United States District Court for the Northern District of California;

WHEREAS, on December 13, 2022, the Securities Action plaintiffs filed an Amended Complaint;

WHEREAS, on August 8, 2024, ~~another~~ court in this district (Martinez-Olguin, J.) granted in part and denied in part Defendants' motion to dismiss with leave to amend;

1   WHEREAS, on September 20, 2024, the Securities Action plaintiffs filed an Amended Consolidated Complaint;

3   WHEREAS, pursuant to the operative scheduling order in the Securities Litigation, defendants filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and the Private Securities Litigation Reform Act of 1995 (the "Motion to Dismiss") on December 6, 2024, with a hearing set for May 1, 2025;

7   WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Actions and the Securities Action, including the potential relevance of many of the same documents and witnesses;

10  WHEREAS, counsel for Plaintiff and Defendants in the Derivative Actions have conferred concerning the most efficient manner in which to litigate the claims and agree that the manner in which the Securities Action proceeds may help inform the manner in which the Derivative Actions proceed;

13  WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the overlap between the Derivative Actions and the Securities Action, that the Derivative Actions should be voluntarily stayed on the terms set forth below;

17  WHEREAS, the undersigned counsel for the Defendants have agreed to accept service of the *Uvaydov* and *Cook* complaints and summons on their behalf as to all Defendants except Turqi Alnowaiser, while expressly reserving all rights and defenses available to the Defendants;

20  WHEREAS, the complaints filed in the pending shareholder derivative actions assert substantially similar claims predicated on substantially similar allegations of fact and contentions of law, including that the Defendants named in both actions violated securities laws, breached fiduciary duties owed to nominal defendant Lucid and its shareholders, and were unjustly enriched;

24  WHEREAS, in light of the foregoing, plaintiffs Uvaydov and Cook (collectively, "Plaintiffs") and their counsel agree that coordination and consolidation of the above-captioned actions is appropriate under Fed. R. Civ. P. 42(a), which permits the Court to consolidate actions involving a common question of law or fact in order to avoid unnecessary costs or delay; and

WHEREAS, Plaintiffs also agree that the efficiencies promised by consolidation and the coordinated, effective prosecution of the derivative claims on behalf of Lucid and its shareholders would best be ensured through the appointment of Plaintiffs' Co-Lead Counsel and Plaintiffs' Local Counsel, as set forth herein.

THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, by and through their counsel, and subject to the approval of the Court, that:

1. The above-captioned actions shall be consolidated for all purposes, and are referred to herein as the "Consolidated Action."

2. Hereafter, papers need only be filed in Case No. 3-25-cv-00943. **Case No. 25-1346 is administratively closed.**

3. Every pleading filed in this Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE LUCID GROUP, INC STOCKHOLDER DERIVATIVE LITIGATION | ) ) ) ) ) | CONSOLIDATED Case No. 3-25-cv-00943 |
|---|---|---|

4. ~~The law firms of Morris Kandinov LLP, 550 West B Street 4th Floor San Diego, CA 92101 and Gainey McKenna & Egleston, 260 Madison Avenue, 22nd Floor New York, NY 10016 shall serve as Co-Lead Counsel for the Consolidated Action. Defendants take no position on the appointment of Plaintiffs' Co-Lead Counsel.~~

5. ~~Charon Law PC, 303 Twin Dolphin Drive, Suite 600 Redwood City, CA 94065-1422, shall serve as Plaintiffs' Local Counsel. Defendants take no position on the appointment of Plaintiffs' Local Counsel.~~

6. ~~All documents previously filed to date in any of the cases consolidated herein are deemed part of the record in the Consolidated Action.~~

7. ~~Plaintiffs' Co-Lead Counsel, in consultation with Plaintiffs' Local Counsel, shall set policy and determine strategy and tactics for Plaintiffs' prosecution of the Consolidated Action;~~

4

1  ~~coordinate and supervise the work and efforts of Plaintiff's Counsel to avoid unnecessary duplication~~
2  ~~of effort or expense; and have the authority to speak for and bind Plaintiffs in appearances and papers~~
3  ~~filed with the Court, in case management and discovery agreements negotiated with Defendants'~~
4  ~~counsel, and in settlement negotiations, subject to the approval of Plaintiffs and the Court. Any~~
5  ~~agreement reached between counsel for Defendants and Plaintiffs' Co-Lead Counsel and/or Plaintiffs'~~
6  ~~Local Counsel shall be binding.~~
7  ~~8.     Plaintiffs' Co-Lead Counsel, in consultation with Plaintiffs' Local Counsel, shall have~~
8  ~~the following powers and responsibilities:~~
9  ~~a)     coordinate and direct the preparation of pleadings;~~
10 ~~b)     coordinate and direct the briefing and argument of motions;~~
11 ~~c)     coordinate and direct the conduct of discovery and other pretrial proceedings;~~
12 ~~d)     coordinate the selection of counsel to act as Plaintiffs' spokesperson at pretrial~~
13 ~~conferences;~~
14 ~~e)     call meetings of Plaintiffs' counsel as they deem necessary and appropriate~~
15 ~~from time to time;~~
16 ~~f)     conduct any and all settlement negotiations with counsel for Defendants;~~
17 ~~g)     coordinate and direct the preparation for trial and trial of the Consolidated~~
18 ~~Action, and delegate work responsibilities to selected counsel as may be required; and~~
19 ~~h)     coordinate and direct any other matters concerning the prosecution or resolution~~
20 ~~of the Consolidated Action.~~
21 ~~9.     Plaintiffs' Local Counsel shall be responsible for coordinating all activities and~~
22 ~~appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court, as~~
23 ~~well as for communications to and from this Court. No motion, request for discovery, or other pretrial~~
24 ~~or trial proceedings shall be initiated or filed by any Plaintiff except through Plaintiffs' Local Counsel.~~
25     10.    All Defendants except Turqi Alnowaiser hereby waive service of process and accept
26 service of the complaints filed in *Uvaydov v. Rawlinson et al.*, 3-25-cv-00943 and *Cook v. Rawlinson*
27 *et al.*, 3-25-cv-01346 as of the date of entry of this Order, without waiver of or prejudice to any rights,
28

arguments, or defenses any Defendant may have (other than those based solely on the failure to complete service), including but not limited to defenses based on the lack of personal jurisdiction.

11. This Order shall apply to this Consolidated Action and any future filed actions relating to the subject matter of this case. When a case that properly belongs as part of the Consolidated Action is hereafter filed in the Court, ~~this Court requests the assistance of~~ **in this action shall notify** counsel ~~in calling to the attention of~~ the Court the filing of any case which might properly be consolidated as part of the Consolidated Action, and counsel ~~are to assist in assuring that~~ **in this action shall ensure** counsel in subsequent actions receive notice of this Order.

12. The Consolidated Action shall be stayed, except with respect to Plaintiff's attempts to serve Defendant Alnowaiser, upon the Court's so-ordering this Stipulation as an Order of the Court.

13. The Parties agree that notwithstanding this stay of this Consolidated Action, Plaintiff may designate an operative complaint or file an amended complaint, however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay. Upon the termination of the stay, Plaintiffs shall file or designate an operative complaint in the Consolidated Action, to the extent they have not already done so.

14. The Parties shall notify the Court within thirty (30) days after the occurrence of either of the following events and shall set forth in that notice the Parties' positions as to whether the stay should be lifted or continued: (1) the dismissal of the Securities Action, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Action in whole or in part such that the Securities Action proceeds to discovery (e.g., that the lead plaintiff in the Securities Action does not amend the Securities Action complaint).

15. Any of the Parties to this Stipulation may seek to lift the stay even in the absence of a triggering event described in Paragraph 3 by filing an application with the Court setting forth the reasons the stay should be lifted, and any Party to this Stipulation opposing such an application must file their opposition within ten (10) business days thereafter.

16. Within thirty (30) days after the stay of the Consolidated Action is terminated, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings

1  in the Consolidated Action, including the date by which Defendants must answer, move, or otherwise
2  respond to an operative complaint.

3  17.  Defendants shall promptly provide Plaintiff with copies of all written discovery,
4  including but not limited to document production, deposition transcripts, requests and demands for
5  discovery and responses thereto, that were or will be produced (and to be promptly informed of any
6  that will be produced) to any purported plaintiff in any related derivative action, or to any purported
7  shareholder in response to a related books and records demand, subject to a reasonable confidentiality
8  agreement.

9  18.  If a plaintiff in any related derivative lawsuit refuses to agree to a stay under similar
10 terms, Plaintiff may **seek court approval to** lift the agreed-upon stay upon 30-days' written notice to Defendants.

11 19.  ~~Defendants shall invite Plaintiff and their counsel to attend and participate in any~~
12 ~~mediations held in the Securities Action, or any pending or yet to be filed derivative action or matter~~
13 ~~alleging the same or similar claims as those in the Consolidated Action.~~

14 20.  Notwithstanding their agreement to stay the Consolidated Action, the Parties reserve
15 all of their respective rights, claims, and defenses in this Consolidated Action, and no part of this
16 Stipulation shall be construed as a waiver of any rights, claims, or defenses, including that Defendants
17 reserve their right to challenge this action as brought in an improper forum.

18 21.  Defendants shall promptly notify Plaintiff of the filing of any related derivative actions
19 brought on behalf of Lucid.

**IT IS SO STIPULATED.**

Dated: March 20, 2025



IT IS SO ORDERED AS MODIFIED
Judge Araceli Martinez-Olguin
June 26, 2025

Respectfully submitted,

**MORRIS KANDINOV LLP**

By: */s/ Leonid Kandinov*
    Leonid Kandinov (SBN 279650)
    Andrew Robertson (*pro hac vice* forthcoming)
    550 West B Street, 4th Floor
    San Diego, CA 92101
    Telephone: (877) 216-1552
    leo@moka.law
    andrew@moka.law

*Attorneys for Plaintiff Zalmon Uvaydov and Proposed Co-Lead Counsel*

**CHARON LAW PC**

By: */s/ Perry L. Segal*
    Perry L. Segal
    303 Twin Dolphin Drive, Suite 600
    Redwood City, CA 94065
    Telephone: (650) 542-7935
    perry.segal@thecharonshield.com

*Attorneys for Plaintiffs Uvaydov and Cook and Proposed Local Counsel*

    Gregory M. Egleston
    Thomas J. McKenna
**GAINEY McKENNA & EGLESTON**
    260 Madison Avenue, 22nd Floor
    New York, NY 10016
    Telephone: (212) 983-1300
    gegleston@gme-law.com
    tjmckenna@gme-law.com

*Attorneys for Plaintiff Neil Cook and Proposed Co-Lead Counsel*

Dated:   March 20, 2025

**SIDLEY AUSTIN LLP**

By: */s/ Sara B. Brody*
    Sara B. Brody
    Stephen Chang
    Sarah E. Gallo
    555 California Street, Suite 2000
    San Francisco, CA 94104
    Telephone:  (415) 772-1200
    sbrody@sidley.com
    stephen.chang@sidley.com
    sgallo@sidley.com

    Andrew W. Stern (admitted *pro hac vice*)
    James O. Heyworth (admitted *pro hac vice*)
    787 Seventh Avenue
    New York, NY 10019
    Telephone: (212) 839-5300
    astern@sidley.com
    jheyworth@sidley.com

*Attorneys for Defendants Peter Rawlinson, Andrew Liveris, Nichelle Maynard-Elliot, Janet Wong, Glenn August, Anthony Posawatz, Nancy Gioia, And Frank Lindenberg, and Nominal Defendant Lucid Group, Inc.*

9

JOINT STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER REGARDING CONSOLIDATION, SERVICE, TEMPORARY STAY, AND SCHEDULING – CASE NO. 3:25-CV-00943-AMO

**LOCAL RULE 5-1 ATTESTATION**

I, Sara B. Brody, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order. In compliance with Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: March 20, 2025                                By: /s/ Sara B. Brody

10

JOINT STIPULATION AND [PROPOSED] REGARDING CONSOLIDATION, SERVICE, TEMPORARY STAY, AND SCHEDULING – CASE NO. 3:25-CV-00943-AMO